UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Helen F. Tomasko,<br>    *Plaintiff,*<br><br>    *v.*<br><br>Western Connecticut State University, *et al.*,<br>    *Defendants.* | Civil No. 3:11cv1019 (JBA)<br><br><br>July 26, 2012 |

RULING ON MOTION TO DISMISS

On January 20, 2012, Plaintiff Helen Tomasko, proceeding *pro se*, filed an Amended Complaint against Defendants Western Connecticut State University ("WCSU"), Charles Spiridon, Carolyn Lanier, and Fred Cratty, claiming that Defendants denied her opportunities for advancement and terminated her employment at WCSU on the basis of her age and disability in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"). Defendant WCSU moves [Doc. # 23] to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons that follow, WCSU's motion will be granted.

I.    Factual Allegations

Ms. Tomasko alleges in her Amended Complaint that WCSU discriminated against her by terminating her employment on August 31, 2007, by failing to promote her "over many years," and by failing "to provide a healthy working environment during and after cancer treatment." (Am. Compl. [Doc. # 22] ¶ 5.) She further alleges that she was "[d]enied opportunities for advancement" and denied accommodation in attempting "to find a job in a healthier and less hostile environment" on account of her age—Ms. Tomasko was born in

1946—and her disability, and that she was "[r]etaliated against for filing with the CHRO." (*Id.* ¶¶ 3, 6.) According to Ms. Tomasko, she "was denied the opportunity to obtain a promotion, or even a lateral transfer," she was removed from the e–mail distribution list for employment postings, and she "was employed in a position to which she never applied" despite her attempts to obtain a different position. (*Id.* ¶ 7.)

II.   Discussion[1]

Defendant WCSU argues that the Court lacks subject matter jurisdiction over Ms. Tomasko's claims against it because those claims are barred by the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment provides that the "Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Unless a state waives its sovereign immunity or Congress abrogates that immunity through legislative action, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" regardless of whether that suit seeks damages or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–101 (1984). This proscription extends to any entity considered to be an "arm of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429

---

[1] "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (internal quotation marks and citations omitted). When the defense of sovereign immunity is raised, "the governmental entity invoking the Eleventh Amendment bears the burden of demonstrating that it qualifies as an arm of the state entitled to share in its immunity." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006).

U.S. 274, 280 (1977), which includes state universities. *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *see also Oliver v. Univ. of Conn. Health Care*, 292 F. Supp. 2d 398, 405–06 (D. Conn. 2003) ("The courts have consistently held that Connecticut state universities and their boards of trustees are entitled to claim immunity under the Eleventh Amendment.").

Here, the State of Connecticut has not waived its sovereign immunity and consented to suit in federal court under either the ADEA or the ADA. (*See* Mem. Supp. [Doc. # 23–1] at 7.) Neither has Congress validly abrogated Connecticut's immunity through legislative action under either statute. *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (holding that suits against states in federal court under Title I of the ADA are barred by the Eleventh Amendment); *Kimel v. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."). Because WCSU is considered an "arm of the State," Ms. Tomasko's claims against it under the ADEA and ADA are therefore barred from being brought in federal court by the Eleventh Amendment. This decision has no impact on Ms. Tomasko's ability to bring these claims, along with any applicable state–law claims, in Connecticut state court.

III.   Individual Defendants

In her Amended Complaint, Ms. Tomasko added as Defendants Charles Spiridon, Carolyn Lanier, and Fred Cratty, but has not served these individuals with a summons and a copy of the Amended Complaint as required by Federal Rule of Civil Procedure 4. (*See* Pl.'s Opp'n [Doc. # 26] at 5 ("It is correct that the plaintiff did not serve the additional parties listed on the [amended] complaint.").) If Ms. Tomasko decides to pursue her claims against these individuals, instead of consolidating all claims in a new action in state court, she is

hereby given notice pursuant to Federal Rule of Civil Procedure 4(m)[2] that her claims against Defendants Spiridon, Lanier, and Cratty are subject to dismissal. Unless service is effected on these Defendants within 20 days, or by August 15, 2012, or good cause is shown for the failure to serve, this case will be dismissed on August 15, 2012.

IV.     Conclusion

Defendant WCSU's motion [Doc. # 23] to dismiss is GRANTED. Plaintiff is given notice to serve Defendants Spiridon, Lanier, and Cratty by August 15, 2012.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of July, 2012.

---

[2] Rule 4(m) reads in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.